United States Court of Appeals for the Ninth Circuit is now in session. Good morning. We don't have the cry there, but that's okay. We know what we're doing. We're moving forward here. We welcome you, Mr. Stillman. I know you're appearing alone, but I have a couple of matters of business I'd take care of first. First of all, Judge and thank Judge Danny Boggs from the Sixth Circuit Court of Appeals who is sitting with us by designation today. We also want to submit two cases. They are Dietz v. Ryan and Charlton v. State of Nevada. Those two matters are submitted on the briefs and record. The first case for argument today is Conant v. Credit Suisse Group, and I understand, Mr. Stillman, that you're appearing by yourself and no other counsel is on this case, at least in this argument. Is that correct? With the qualification, Your Honor, I am appearing, may it please the court, for all of the appellants in the case, and my colleague, Christopher Conant, is viewing online through the YouTube. He's present, but not able to speak. The other side is not appearing. That's correct, Your Honor. Okay, well, please proceed then. Okay, thank you. Thank you, Mr. Stillman, for the appellants in this case. Your Honor, this is obviously an unfortunate case that arose from the alleged plaintiff's counsel, including me and Mr. Conant, the alleged failure to disclose an affidavit from a key witness that we obtained during the stay of discovery. So while discovery was stayed, and after the magistrate denied our motion for a preservation deposition, we were able to obtain a declaration from a key witness who we would classify as a witness blower. And we didn't disclose that. There was a stay of discovery. As soon as the stay of discovery was over, a year later, that was disclosed to opposing counsel. Nothing had gone on in the case prior to that other than a motion to dismiss. And of course, it was the first witness being deposed was this key witness, Mr. Miller, and the defendants had the declaration 30 days prior to the deposition, and literally within a day of the opening of discovery, the lifting of the stay of discovery. After receiving the affidavit, the defendants filed a motion for reconsideration of the motion to dismiss. Judge Lodge said no, at least five times. The affidavit was irrelevant to the issues and denied the motion for reconsideration. They had requested an order to show cause for sanctions, and that was referred to the magistrate. Of course, as the court knows, the magistrate is part of the record. The only notice that was given to any of attorneys in this case was the requirement that Mr. Huntley, who is a former Supreme Court justice with the Idaho Supreme Court, and Mr. Conant, at whose office the interview took place, was held. They were ordered to appear in person. There was no other issue regarding what sanctions were included or any other type of notice other than that. I appreciate your argument. That is pretty much the question for you, please. The first one is this. Haven't you waived this issue? That is the issue of whether or not the sanctions are compensatory, or whether they have to be determined based upon a criminal, if you will, due process requirement? No, Your Honor. We've actually argued that every step of the way in the trial court, both in front of the magistrate, in front of the district court, and in front of this court. I don't think there's anything further we could do to preserve that issue. We've continuously, from the beginning of this, from the inception of this case, when the court first came up with this punitive sanction award of $30,000, we objected every single time that there was no basis not only for imposing such a sanction, but that we were entitled to criminal due process because it was clearly a fine. In the original order, there's no question that it was actually a criminal fine. The judge stated it was punitive. And then suddenly, six years later, when the court reversed and remanded, the magistrate did a 180-degree turn, and all of a sudden, what was a punitive sanction based on us. So, counsel, is your argument that you haven't waived it in this court based on your argument that the court's basis for imposing the sanctions has changed at 18 of your brief, and that this has been an ever-moving target at page 27 of your brief? Is there anything else that you rely on for, assuming you rely on those two things for your argument, that it's not waived? Well, I'm not sure. I'm not sure, Judge Bennett, how we could have waived that argument. I think all we do is argue that in every step of the way, including in this court. And in this court, we've argued the same exact thing, that the sanction that was then reaffirmed by the magistrate was in fact a criminal fine, not compensatory, and that no court in this country has recognized shifting the operational overhead of a court onto an attorney as a sanction. And I cite the blue case for that, for the Fourth Circuit Court of Appeals. But even if the court were to adopt that some portion of court judicial overhead for the first time could be imposed as a compensatory sanction to the court, that does not excuse the entirety of that shifting of overhead onto the plaintiff's counsel, me and the rest of my colleagues, because there are literally no findings to support how the court got to that effect, that sanction. And of course, Judge Bennett, $30,000 fine is exactly what the court had determined in the first instance that was punitive, and purely for punitive purposes, to teach us a lesson. Now it's $30,000 for the actual court costs. To deter misconduct, is what I believe the magistrate said. That's what the magistrate said, to deter misconduct. And that was in the first order. The second order became, after this court reversed on the issue that we were entitled to criminal due process if it was not compensatory, that morphed into a completely compensatory fine based solely on shifting the overhead of the court, which was never described by the magistrate, onto the attorneys in this case. And I want to point out, as the court in the order for supplemental briefings stated, the Goodyear case talks about having to calibrate sanctions to the but-for harm caused. In this case, there was no harm caused. By the actual withholding or the failure to disclose that affidavit, while the stay of discovery was in place. And no one ever claimed that they incurred attorney's fees as a result of that act. All of the sanctions, the criminal sanctions, the $57,000 in attorney's fees, all were based on the filing and defense of the sanctions motions to the magistrate and the district court. Untethered whatsoever to any actual harm caused by the underlying alleged failure to disclose that affidavit. And for example, if they had taken the deposition and had to retake the deposition, that would have been at least something to base, to hang your hat on in terms of finding that it was a sanction. But that wasn't the case here. This was solely and fully the costs involved in the defendants filing their motions for sanctions and the attorneys defending those motions and seeking to set aside the sanctions. Counsel, let's just say hypothetically that we agree with you that the magistrate judge certainly did not follow Goodyear. There was no but for, if you will, proof in this case. What are you asking us to do? To just reverse and dismiss? Reverse and tell the district court to dismiss? Or do we tell them to basically provide you criminal process in this case, perhaps even including a jury? What are you looking for? Your honor, we're looking in the first instance for a plain reversal from this court. I don't see any reason why this case should be remanded to the district court unless this court is willing to entertain the reversing on the attorney's fees award, I suppose. Even then, because it's so clear that the attorney's fees award is not part and parcel of any kind of harm under Goodyear, as in Goodyear, it was a do-over. Here, there's no reason, if we're looking simply at the criminal fine, there's no reason to sit this back to the district court. We've been back to the district court twice. The court couldn't have been clearer on the issue of whether or not this was a criminal sanction and if it was to give us due process. It clearly now isn't a criminal sanction. It's in the same exact amount. If the court were to remand for further findings and directing the court to give us criminal due process, we would need an independent prosecutor. We would need proof beyond a reasonable doubt. And frankly, your honor, this has been a weight around my neck as a practitioner before this court for 30 years. None of us, none of these attorneys deserve to have this in front of us. And in fact, of course, as the court may have recalled, we were exonerated by the various state bars who we had mandatory self-reporting for. The Colorado State Bar regarding Mr. Spillman. And the California State Bar did the same for me. So we're asking the court to reverse and that's it. Okay, I think your time is up. Let me ask my colleague whether either has additional questions for Mr. Spillman. No. If I might just to clarify the question of whether the district court did award these fees as compensatory, which on the second go-round, it seems to me he did. Did you attack that? I guess this is a version of Judge Bennett's question. Other than the two on this go-round erred in characterizing the sanctions as compensatory. Well, I think that's in the entirety of our brief is that the district court adopted the findings of the magistrate and then said, yes, I think those are compensatory. And then despite the fact that in the prior order, it was partly compensatory and criminal. When we appealed that order, implicit in that order was the magistrate's ruling, which the district court with very little analysis adopted. So when we appealed, we were appealing that order. And so I'm not sure I understand how we would waive it. Okay, thank you. If there are no other questions, then we thank you, Mr. Spillman, for your argument. The case just argued that Conant v. Credit Suisse Group is admitted.
judges: Boggs, M. Smith Jr., Bennett